Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 This is a writ of error to a judgment rendered by the Circuit Court for the. District of Columbia aqd county of Alexandria, against Andrew Bartle and Samuel Bartle, on a writ issued by George Coleman against Andrew Bartle, on the service of which, Samuel Bartle became bail for his appearance. The defendant in the Court below not having entered his appearance, a conditional judgment was entered at the rules held in the clerk’s office, against the defendant and his appearance bail. This being an action on the case, the judgment at the rules was for no specific sum, but for the damages which thé plaintiff in that suit has sustained, which damages are to be inquired into, and ascertained by a jury. After this writ of inquiry shall be executed, and not till then, a final judgment for the damages assessed by the jury is rendered by the Court. In the mean time, the cause stands on the Court docket for trial.
 

 The act of Assembly respecting this subject is m these words: “ And every judgment entered in the office against a defendant and bail, or against a de
 
 *477
 
 fendant and sheriff, shall be set aside, if the defendant at the succeeding Court shall be allowed to appear without bail, put in good bail, being ruled so to do, or surrender himself in custody, and shall plead to -issue immediately.”
 
 “
 
 If the defendant shall fail to appear, or shall not give special bail, being ruled thereto by the Court, the bail for appearance may defend the suit, and shall be subject to the same judgment and recovery as the defendant might or would be subject to, if he had appeared and given special bail.”
 

 The Courts of Virginia have never construed this act strictly as to time. Although the absolute right given to the defendant to appear and set aside the judgment rendered in the office, is limited to “ the succeeding Court,” he has always been allowed to. appear, and set it aside, at any time before it became final. In all actions which sound in damages, the judgment cannot become final, until the damages shall be ascertained fbr which it is to be rendered.
 

 In other respects, too, this law which authorizes a judgment against the appearance, or common bail, without the service of process on him, has been construed with great liberality. The cases which have been cited, show that the decisions in the Court of Appeals of Virginia, have settled principles which seem to decide this case. It has not only been determined that the defeudant may enter special bail, and defend the suit at any time before a final judgment, but also that if he appears and pleads, without giving special bail, or appears and confesses judgment, the appearance bail is discharged.
 

 
 *478
 
 It is also well known to be tbe settled practice of Virginia, if special bail be given, to discharge the appearance bail, although the defendant should not appear, but the judgment should become final, either on his default, or on the execution of a writ of inquiry.
 

 It is then settled, that the appearance of the defendant; or the entry of special bail, before final judgment,, discharges the appearance bail.
 

 Let these principles be applied to the case before the Court. While the writ of inquiry was depending, we find this entry on the record. “ In tbe case of George Coleman, plaintiff, and Andrew Bartle, defendant; and. Andrew Bartle, plaintiff, and George Coleman, defendant; by consent of parties this case is referred to Joseph Deane,” &c.
 

 Could this rule be made without consent ? Or could this consent be given' without the appearance of the party, by himself or his attorney ? Both these questions must be answered in the negative. What party, then, did appear and give this consent ? Was it Andrew Bartle, the defendant in the cause, who is named as the party, or was it Samuel Bartle, his appearance bail, who is not named ? In addition to the omission of the name of Samuel Bartle, an omission which could not have been made had he actually appeared, Cnd been a party to the. rule, it is to be observed that he had no power to consent to it. The law allows him to defend the suit, but does not allow him to refer it to arbitrators. We do not hazard much in saying, that no Court would or ought to permit such a rule as this'to
 
 be
 
 made, without the consent of the defendant given in person, or by his at
 
 *479
 
 torney. But ■ were it even supposed to be in the power of Samuel Bartle to reter the suit of Coleman against Andrew Bartle, he could not refer that of Andrew Bartle against Coleman; and this suit also is embraced in the same rule.
 

 It is then apparent, that it is Andrew Bartle who consented to this rule.
 

 It has been contended, that the consent of Samuel Bartle must also be implied. We do hot think so. It is reasonable to suppose that his name would have appeared, had he been, a party to the rule. But it was not necessary thát he should be a party to it. Andrew Bartle was himself competent to make this reference, and the appearance bail never comes into Court, unless it be to defend the suit in consequence' of the non-appearance of the defendant. But, were it even true that the. consent of Samuel Bartle could be inferred, it would, nevertheless, be also true, that Andrew Bartle appeared, by the admission of the plaintiff; and such appearance, according to the decisions in Virginia, discharges his bail.
 

 In the mode pursued by - the clerk, in making his entry,, the usual form of saying “ this day came the parties,” &c. is not pursued. But this is immaterial, because the parties perform an act in Court, which could not be performed without appearing ; they consent to a rule which implies appearance, and the. form of the -entry cannot affect its substance. Were it otherwise, the appearance of the defendant is entered in the usual form before final judgment. On the return of the
 
 *480
 
 award, the following entry is made: <s And now here, &c. at this day, &c. came, as well the plaintiff aforesaid, by his said attorney, as the said defendant, by Thomas Swan, his attorney, and the following award was returned,” &c. The award is then recited, which shows, that the arbitrators proceeded on notice to Andrew Bartle only, and the judgment of the Court is immediately rendered for the amount of the award against “ Andrew Bartle, the defendant, and Samuel Bartle, the security for his appearance.’7 Yet the appearance of Andrew Bartle is formally entered on the record previous to this judgment. If, instead of entering the judgment in pursuance of the award, it had been entered in pursuance of the confession of the defendant,'this would have been the very case cited from 1
 
 Hen.
 
 &•
 
 Munf.
 
 329. And what distinction can be taken between this case and that ? The counsel for the defendant in error says, that a judgment by confession is a different judgment from that entered in the office, and, therefore, must be a substitute for it received by consent of the plaintiff. And is not this also a different judgment from that rendered in the office ? And is it not entered at the instance of the plaintiff
 
 ?
 

 Were it necessary to pursue this argument further, we should all be of opinion, that judgment could not be rendered against the appearance bail on this award, and without executing the writ of inquiry, unless by his consent. But as we are of opinion, that the appearance of the defendant has discharged his bail, it is unnecessary to pursue the subject
 
 *481
 
 farther. The judgment against Samuel Bartle is erroneous, and as it is joint, it must be reversed against both.
 

 Judgment reversed.