November 2.
JUDGE CARR,
delivered his opinion.
The bill in this case seems to have been carelessly and inaccurately drawn. It states, that Allen had gotten a judgment at law, against Reuben Johnson and Gilliam, his appearance bail; whereas the judgment, as the record shews, was against R. Johnson and John I. Johnson and R. C. Gilliam, sureties for the defendant’s appearance.
*This will be found a difference not without its influence on the case. Again. The plaintiff Gilliam states, that he did enter himself at the proper period as special bail, in Court, when in session; and that the judgment against him is a misprision of the clerk. The record shews, that the suit was tried on a plea for the appearance bail; and the clerk swears, that there is no entry of special bail on the record. Indeed the evidence adduced by the plaintiff Gilliam, is not to prove (as stated in his bill,) that he did enter himself special bail; but that he told the clerk to enter him. These, I have no doubt, are inaccuracies resulting from carelessness and not design.
Upon the case made by the record, I do not think equity can interfere, without overstepping the proper line of its- jurisdiction, and doing much mischief. The laws of the land give the plaintiff a right in his suit at law; to require bail in such actions as this; and by the regular operation of law, unless the bail takes the proper steps to relieve himself, he becomes bound for the debt. If this happens without any agency or participation of the plaintiff, I hold it to be the general rule, liable to very few exceptions, that no tribunal has a right to take from him his advantage; and this has been the language of this Court.
In Croughton v. Duval, 3 Call, 69, they say that though sureties are favoured in equity, fair creditors are favourites also, and will not be deprived of their legal rights without some fraud or neglect. Here the creditor has gotten a legal right, without the least shadow of fraud ; and as to negligence, it is all on the other side.
In Anderson v. Anderson, 2 Call, 198, a marriage settlement was not recorded, and equity was asked to interfere, upon the ground that the failure to record was through the fraud of the husband, and ought not to prejudice the rights of the feme covert. The Court said, that equity would not interpose in such a case, though the recording were prevented by accident, or unavoidable necessity, or even fraud, if the creditors were neither parties nor privies *to the fraud. And this is the true equitable doctrine, to be traced through the whole system. Unless you can attach some equity upon the conscience of a party, you never can take from him a legal advafitage. A. sells land to B. for $10,000, who pays down the whole sum. Equity would compel a conveyance. But, if A. should sell this land to C. who should pay the purchase money and receive a deed, before notice of B’s equity, C. will hold the land ; because he has the advantage of the law, and you can attach no equity upon his conscience; he has done nothing unfair. Even in relieving against forfeitures and penalties, equity requires that the accident which incurred them, should have been unavoidable, and mingled with no neglect of the party; and that the case should lie completely in compensation: *209 that the Court should be able to place the parties precisely where they stood before the accident. Here the accident was neither unavoidable, nor can you replace the parties. To replace them, the Court would have to set aside the judgment, and reinstate the cause upon the law docket, just as it stood before the office-judgment was set aside. Can the Court do this? We have laid it down in many cases, that this Court cannot correct the errors of Courts of Law. Much less, I -presume, can we set aside their judgments in this way. But, if the Court coüld do this, can it call back time? And do we not know that a man who was perfectly good five years past, may be insolvent now? The only way in which the Court could interfere, I apprehend, would be by injoining the judgment as to the bail; and this unquestionably would not replace the parties where they stood.
But, the bail here has been guilty of negligence. Taking his evidence in its utmost latitude, and giving it full faith and credit, it proves only this: that Gilliam went to the clerk’s table, during the session of the Court, and told the clerk that he had come for the purpose of entering himselt special bail in the suit of Alien v. Johnson, and the clerk said it should be attended to. Now, this was no entry of *bail. But it was said, that it was all that the plaintiff was bound to do; because, being appearance bail, he had a right to enter himself special bail, without a motion to the Court. To this position, I can by no means assent. The requiring and receiving bail, is a judicial act. The clerk has no power to make the entry, unless directed by the Court, or assented to by the plaintiff’s counsel. “Every [judgment,” (says the law) “entered in the office against defendant and bail, or defendant and sheriff, shall be set aside, if the defendant, &c. shall be allowed to appear without bail, put in good bail being ruled so to do, or surrender himself in custody, and plead to issue immediately.” Again. “If the defendant shall fail to appear, or shall not give special bail, being ruled thereto by the Court, the bail for appearance may defend,” &c. These clauses shew, that it is the Court, and not the clerk, who are to act in this matter. The mere entry of special bail, though the defendant immediately confess judgment, discharges the common bail; and that, whether the common bail enter himself special bail, or some other person be entered. (See Grays v. Hines, 4 Munf. 437. Fisher v. Riddle, 1 Hen. & Munf. 330.) Could it be supposed that the clerk, without the interference of the Court, would have power to take a step which operated so materially on the interest of the plaintiff? In Bartle v. Coleman, 6 Wheat. 475, Ch. J. Marshall, speaking of our decisions on this subject, says, “It has not only been determined that the defendant may enter special bail and defend the suit, at any time before final judgment, but also, that if he appears and pleads without giving special bail, or appears and confesses judgment, the appearance bail is discharged. It is also (he adds,) well known to be the settled practice of Virginia, if special bail be given, to discharge the appearance bail, although the defendant should not appear, but the judgment should become final, either on his default or on the execution of the writ of enquiry. ’ ’ I hold it most clear, therefore, that in no case can the clerk, of his own mere motion, receive ^special bail. I have thought it well to observe thus much, because it was said at the bar to be the practice in the country for common bail to be entered special bail, without a motion to the Court; a practice, (as it was also said,) growing out of the case of Dunlops v. Laporte, 1 Hen. & Munf. 22. That was a motion in open Court for a supersedeas. One of the objections taken, was, that the appearance bail was permitted to be entered special bail, without proof of his sufficiency, though the plaintiff objected; the Court below over-ruling the objection, on the ground that the plaintiff not having excepted to him as appearance bail, had admitted his goodness. The supersedeas was refused by this Court “without difficulty,” as the Reporter states; but the Court do not state their reasons. It seems a necessary consequence of their refusal, however, that they considered a failure to except to appearance bail, an admission of his sufficiency; at least so far as to relieve the party offering him as special bail, from any further proof of his sufficiency. But I question whether this Court intended to go so far as to say, that the plaintiff was bound, under all circumstances, to accept him. Suppose he could produce unquestionable evidence that he was not good. Suppose that after he had been received as appearance bail, he had taken the insolvent debtor’s oath. Would the plaintiff be precluded from shewing this? I should think not. However this may be, there is no question with me, that in all cases the motion must be to the Court, unless the opposite counsel assent to the entry.
But the case before us could not come within Dunlops v. Laporte, taken in its utmost extent. Here there were two persons taken as appearance bail, John I. Johnson and Gilliam; and though it should be said, that by failing to except, the sufficiency of these two. as special bail, is admitted, it cannot follow that the sufficiency of one of them is admitted. By the same rule it might be said, that if twenty persons were taken as appearance bail, a failure to except to the whole would be an admission that any one *of the twenty was good bail. Gilliam, therefore, in merely speaking to the clerk, came far short of what was necessary to entitle him to enter himself special bail. He should have spoken to his counsel, submitted the motion to the Court, and shewn, (if required,) his sufficiency; and upon this ground alone, if there were none other, he has no claim to the aid of equity. In the case of Dickinson v. Sizer, ante, 113, I stated at large my general views on this subject, and the authorities relied on for their support. To that case I refer.
I think the decree must be affirmed.
The other Judges concurred, and the decree was affirmed.*

Judge Coalter, absent.