1815.

SMITH
v.
BRUSH.

(*a*) S. C. *ante*, p. 65.

———◦※◦———

SMITH, *an infant, by his next friend, against* BRUSH AND OTHERS.

June 27th.

Where the facts charged in a bill are fully denied by the answer, there can be no decree against the answer, on the evidence of a single witness only, without corroborating circumstances to supply the place of a second witness.

And where publication had passed in a cause, without any witnesses being examined on either side, the court refused, especially after the lapse of more than two years from the time of filing the bill, to open the rule for publication, on the affidavit of the plaintiff of the discovery of a witness who would prove a material fact in the cause, denied in the answer.

Nor would the court, under the circumstances, award a *feigned issue* in the cause, that being a measure of sound discretion.

THE bill, in this cause, was filed *January* 7th, 1812. The answer of *Brush* was put in *July* 29th, 1812. In

1815.

SMITH
v.
BRUSH.

*March*, 1813, a rule was entered to produce witnesses in the cause; and, in *January*, 1815, publication passed, no witnesses having been examined on either side.

The facts stated in the bill were, that *Thomas Gibbons*, on the 22d of *July*, 1804, gave to *John Smith*, the plaintiff, a 'note for 5,000 dollars, payable in five years, who endorsed it to *Robert Smith*, jun., who, in *April*, 1809, gave the note to *Theron Rudd*, as security, who, with the assent of *Robert Smith*, jun., delivered the note to the defendant, *Brush*. That the note was given by *Gibbons* for the benefit of the plaintiff, his natural son, which was the consideration; that *Brush* brought an action against *Gibbons*, at law, on the note, on the trial of which *Robert Smith*, jun. was a witness, and proved the facts set forth in the bill, as to the note; and on which trial a verdict was found for the plaintiff. That *Brush*, when he took the note, *knew* the original consideration of the note, and the trust under which it was received; and that *Brush* was not a *bona fide* holder, not having paid a full consideration for the note; that *Gibbons* being willing that the amount of the verdict should be applied under the direction of the court, had paid the money into court; and the bill prayed, that the money might be placed at interest for the benefit of the plaintiff; and that the defendant, *Brush*, might be enjoined from proceeding at law on his judgment, and for relief generally; an injunction was issued accordingly.

*Brush*, in his answer, averred, that he paid a good and valuable consideration for the note, which he set forth, and denied all knowledge, at the time he received the note, of the original consideration, or purpose, for which the note was given, or of any trust or confidence between the original parties; not having heard of any such allegation, until in *November*, 1809.

A motion was now made, on the part of the plaintiff, to open the rule for publication, on an affidavit stating the discovery, yesterday, of a witness, by whom he could prove

that the note was in possession of *Robert Smith* jun., *after it was due*, and that *Smith* offered it as a pledge for money.

1815.

*Smith*
v.
*Brush*.

*T. A. Emmett* and *Colden*, in support of the motion.

*Boyd* and *Slosson*, contra.

THE CHANCELLOR. The bill charges the defendant, *Brush*, with purchasing the note under a knowledge of the consideration for, which it was given, and of the trust under which it was taken by the payee, and deposited with *Robert Smith*, jun. ; and it further charges him with not being a *bona fide* holder for a valuable consideration. To this charge the answer states, that the note was purchased in *April* or *May*, 1809, for a valuable consideration, and the *items* forming that consideration are particularly mentioned, and amount to 3,550 dollars ; that the note was assigned to him by *Robert Smith*, jun., it being at that time in the hands of *Theron Rudd* ; and that, at the time of the assignment, he was not informed of the consideration or purpose for which the note was given, nor of any agreement, trust, or confidence, between the original parties, and that the first knowledge of any of these allegations in the bill, was obtained in *November*, 1809 ; that the transfer of the note to him was absolute and unconditional, and the same is solely and exclusively his property.

This answer was put in, in *July*, 1812, and the rule to produce witnesses was entered in *March*, 1813, and publication passed in *January* last ; and a motion is now made to open the publication, on affidavit of a discovery of a single witness, by whom the plaintiff undertakes to prove that the note was in possession of *Robert Smith*, jun., after it was due, and that *Smith* offered it as a pledge for money.

The decisive objection to this motion is, that the testimony would not be material if produced. It is a well-settled rule, that there cannot be a decree upon the facts charged in the

1815

SMITH
v.
BRUSH.

bill and denied in the answer, upon the deposition of a single witness. There must be two witnesses, or concurring circumstances, to supply the place of a second witness, before there can be a decree against the answer. (*Walton* v. *Hobbs*, 2 *Atk.* 19. *Pember* v. *Mathers*, 1 *Bro.* 52.) Here are no circumstances stated, or shown, in corroboration of what the newly-discovered witness might prove. The answer is clear and positive, and the defendant, *Brush*, stands upon his right to the judgment at law, as a *bona fide* purchaser, without notice, and for a valuable consideration, of negotiable paper before it was due. It was suggested that the evidence of one witness might justify the awarding of a feigned issue to try the fact of notice, or of a purchase out of time. But that step must rest upon discretion, guided by the special circumstances of the case ; and when we take into consideration the great lapse of time since *Brush* obtained his judgment at law, and put in his answer in this court, during which period the plaintiff has not been able to furnish any proof; and when we consider further, that the recovery on the note was strongly resisted on the trial at law, on the ground of forgery, I think it would not consist with the exercise of a sound discretion, to harass the defendant with another trial at law, when he is able to rest upon his defence here. I am, accordingly, of opinion, that the motion be denied.

The cause, then, came on to a hearing, and the bill, as to *Brush*, was dismissed, with costs.