STAFFORD *v.* BRYAN.

The statute of limitations is a good plea in bar in equity as well as at law.[1]
Where the answer of the defendant is responsive to the bill, it is evidence in
his favor, and is conclusive, unless disproved by more than one witness.

THE complainant filed his bill in this cause on the 21st October 21st. of December, 1826, setting forth, that in August, 1813, the complainant and his partners, John Stafford and George B. Spencer, who are since dead, together with the defendant, being desirous to raise money, the firm of Staffords & Spencer made a note to Bryan for $11,000, which was indorsed by him and discounted at the Albany Bank, as an accommodation note of Staffords & Spencer. Bryan received $3,000 of the proceeds, and was to pay a share of the note and discounts on each renewal, in proportion to the amount of the proceeds of the note which had been received by him. The note was renewed from time to time, and he continued to pay his share until the 14th of June, 1814, when he gave his note to Staffords & Spencer for $821 24, payable on demand, with interest, for the balance of his proportion of the $11,000, and they assumed the payment thereof to the bank. G. B. Spencer died in February, 1818, and J. Stafford in October, 1820. In the winter or spring of 1825 the note was lost, and the complainant charged that it afterwards came into the hands of the defendant. The complainant also alleged in his bill, that the defendant frequently during the life of his partners, and since their death, acknowledged that the note was still due, and promised to pay the same; setting out, also, particular times and places when and where the defendant had admitted his indebtedness and promised payment.

The defendant in his answer admitted the giving of the note under the circumstances stated in the bill, but denied

[1] See *Ward* v. *Van Bokkelen, ante,* 101–2.

1828.

Stafford
v.
Bryan.

*all knowledge of its loss, or that he had seen the same since the alleged loss, or knew what had become of it. He also alleged that he verily believed he had long since paid the note, but how or in what manner, he was unable to state ; and he insisted upon the statute of limitation as a bar to this suit. He also denied having at any time within six years previous to the commencement of this suit admitted his indebtedness, or promised to pay the note; denying specifically the several admissions and promises stated in the complainant's bill. He also denied that he had within the same period been called on by the complainant for payment, except that two suits had been commenced against him in the Supreme Court for the recovery of the note, one of which was discontinued, and in the other the complainant was non-suited at the trial, on the plea of the statute of limitations.

The cause was heard on pleadings and proofs.

*J. Lansing*, for the complainant :—The statute of limitations does not begin to run against a note payable on demand, until an actual demand is made. The defendant has admitted his indebtedness within six years, before the filing of the bill. Presumption of payment is repelled by the fact that the defendant was not in a situation to pay. (*Fladong* v. *Winter*, 19 Ves. 198.) The acknowledgment in the answer of the defendant is sufficient to take the case out of the statute. The defendant admits he gave the note, but says he believes it has been paid. This admission will revive the debt, if it be proved that the note has not been paid. (10 John. R. 35 ; 13 John. R. 510.)

*S. Dutcher*, for the defendant :—An acknowledgment of the original debt does not take a case out of the statute of limitations. The acknowledgment must go to the fact that the debt is still due. An acknowledgment, to take a case out of the statute, must be consistent with a promise to pay. The counsel cited *Clementson* v. *Williams*, (8 Cranch's R.

72 ;) *Smith* v. *Freel*, (Addison's K. 291 ;) *Danforth* v. *Culver*, 1828.
(11 John. R. 146 ;) 3 John. Ch. R. 196 ; *Kane* v. *Bloodgood*,  Stafford
(7 John. Ch. R. 113 ;) *Swan* v. *Lovell*, (2 Barn. & Ald.  v.
759 ;) *Hellings* v. *Shaw*, (7 Taunt. R. 611, 608 ;) *Beale* v.  Bryan.
\**Nind*, (4 Barn. & Ald. 572 ;) *Portington* v. *Butcher*, (6 Esp.    [\*241]
R. 68 ;) *Brandram* v. *Wharton*, (1 Barn. & Ald. 463 ;) *Bell*
v. *Roseland*, (Hardress' R. 301 ;) *Wetzell* v. *Bussard*, 11
Wheat. R. 309 and note ;) *Sands* v. *Gelston*, (15 John. R.
511;) *Murray* v. *Coster*, (4 Cowen's R. 617 ;) *Rosevelt* v.
*Mark*, (6 John. Ch. R. 266;) *Battley* v. *Faulkener*, (3 Barn.
& Ald. 288 ;) *Danforth* v. *Culver*, (11 John. R. 146 ;) *Law-
rence* v. *Hopkins*, (13 John. R. 288 ;) *Green* v. *Rivet*, (2
Salk. R. 422 ;) *Coltman* v. *Marsh*, (3 Taunt. R. 380 ;) *Lacon*
v. *Briggs*, (3 Atk. R. 105 ;) *Richards* v. *Maryland Ins. Co.*,
(8 Cranch, 93 ;) *Hovenden v. Lord Annesly*, (2 Scho. &
Lef. 629.)

THE CHANCELLOR :—It is unnecessary in this case to ex-
press any opinion as to the probability of the note's being
paid. The existence of the note being once established,
and its loss sufficiently proved, the complainant must re-
cover, unless the defendant can establish the fact of pay-
ment, or the recovery is barred by the lapse of time. By
a reference to the cash book of the complainant, (exhibit
Y,) it appears that in June, 1814, the defendant is charged
with $2,110 41, cash, and credited by discounted note
$987 17, cash on check $300, and by note on demand in
full, $821 24, which last is probably the note in contro-
versy in this cause. It appears, also, from the same book,
that there were large cash dealings between the parties for
one or two years afterwards, amounting to more than
$8,000 on each side. But if the note in question was in-
cluded in any of the settlements which took place between
the parties, no reason is given why it was not delivered up.
On the contrary, it appears by the testimony of Lewis Ben-
edict that a note precisely answering the description of the
note in the complainant's bill, except that it was not upon

interest, was in the store of Staffords, Spencer & Co., among the papers belonging to the former firm of Staffords & Spencer, until and after the month of March, 1819, at which time he presented it to the defendant, who promised to give his note for the same, payable on the 1st of September thereafter.

[*242]      *The only question, therefore, in this cause is, whether the recovery is barred by the statute of limitations. This suit was not commenced until nearly eight years after the acknowledgment and promise to Benedict; and although the complainant commenced two suits in the Supreme Court in the meantime, one of which was discontinued, and in the other he was nonsuited because he could not then prove sufficient to take the case out of the statute, neither of those suits can avail him any thing here.

The defendant is called upon by the complainant to answer, whether he has not admitted his indebtedness, or promised to pay this demand within six years previous to the commencement of this suit. In his answer, the defendant explicitly denies both; and the answer being responsive to the bill, is evidence in his favor, and must be considered conclusive, unless disproved by more than one witness. If, therefore, the testimony of the complainant's sons can be reconciled with the truth of this answer, it puts the question at rest. Joab Stafford testifies to a conversation with the defendant at his store, where he went to buy fur caps, in which the defendant admitted he owed his father a good deal of money, and wanted him to trade it out in furs, &c.

In opposition to this, the defendant's son testifies that the fur caps were purchased of him when his father was not present, and he produces the original entries in the books, to show the articles were charged directly to Joab Stafford, and not to his father. The same is substantially the case as to a similar conversation testified to by Spencer Stafford, junior. It also appears that at the times testified to by these witnesses, there was an outstanding account

against the defendant in favor of the complainant. Under these circumstances, if the complainant's sons are correct, and the defendant's sons incorrect, as to the facts, their testimony is not inconsistent with the truth of the defendant's answer, as these conversations may have related to the unsettled account. Without going into a detail of all the contradictory testimony on this subject, it may be sufficient to state that although great exertions were made to obtain testimony to take the case out of the statute, no such testimony was given on the trial at law. *There is not, therefore, sufficient in this case to satisfy me that the defendant has, within six years before the commencement of this suit, admitted that he owed or promised to pay the note in question; and the admission in his answer of the giving the note, accompanied with the declaration of his belief that it had been paid, is certainly not sufficient to take the case out of the statute of limitations. (*Clementson* v. *Williams*, 8 Cranch, 72.)

The complainant's bill must therefore be dismissed with costs.