# CASES

# SUPREME JUDICIAL COURT

## COUNTY OF WASHINGTON, JUNE TERM, 1838.

---

## JEREMIAH O'BRIEN & *al. vs.* MARY ELLIOT.

An allegation in an answer to a bill in equity, set up in avoidance, not responsive to the bill, and unsupported by proof, must be considered as untrue, and out of the case.

As the right of dower is a clear legal right, it cannot be regarded in equity as fraudulent to claim it at law, unless there has been some forfeiture, release, bar or satisfaction, which cannot be proved at law, but which may be established in equity.

To be a satisfaction of dower in equity, the equivalent must be designed and accepted in lieu of, or as an equivalent for dower.

Where a creditor levied his execution on land of his debtor, and after the right to redeem had expired, sold the land with warranty for a sum exceeding the amount of his debt, and paid the balance to the widow and children of the debtor after his decease; these facts do not furnish a bar in equity to the claim of the widow to dower in the premises.

THIS was a bill in equity, and was heard on bill, answer and proof. The case sufficiently appears in the opinion of the Court.

*Mellen* and *R. K. Porter* argued for the plaintiffs, and *Lowell* for the defendant.

*Lowell* cited *Dwight* v. *Pomeroy*, 17 *Mass. R.* 303 ; *Black* v. *Black*, 4 *Pick.* 234; *Pratt* v. *Bacon*, 10 *Pick.* 123; *Brooks* v. *Wheelock*, 11 *Pick.* 439; *Campbell* v. *Sheldon*, 13 *Pick.* 8; *Stearns* v. *Hubbard*, 8 *Greenl.* 320; *Given* v. *Simpson*, 5 *Greenl.* 303 ; *Elder* v. *Elder*, 1 *Fairf.* 80; 1 *Story's Eq.* 89.

After a continuance, for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — The bill sets forth, that the plaintiffs are the heirs at law and devisees of *Gideon O'Brien* deceased; that said *Gideon* during his lifetime was seized of a certain messuage by virtue of the extent of an execution upon the same as the property of *Daniel Elliot*, the late husband of the defendant; that *Elliot* during his life, and after the right of redemption had expired, paid the debt; and that *O'Brien* was willing to convey to *Elliot* on request, but never did so convey during the life of *Elliot*. That on the 15th of *June*, 1820, *O'Brien* conveyed the premises by deed of warranty to *John Stuart*, for the consideration of five hundred dollars, being the full value, and received in payment a conveyance of a house and lot in *Machias*, valued at two hundred dollars, and three hundred dollars in money; that he paid to said *Daniel* during his life one hundred dollars, and after his death about twelve years ago he paid to the defendant, for the use of herself and children, two hundred dollars, and at her request conveyed to *Betsey Elliot*, their daughter, the house and lot received of *Stuart* in part payment; and that these payments were made on account of the sale of the messuage to *Stuart*, and that no consideration was paid to him by *Betsey Elliot* for the house and lot; and that defendant accepted these payments and the conveyance to her daughter as the full value of the messuage. That since the death of said *Gideon*, she has commenced her suit against said *Stuart* to recover her dower in the messuage conveyed by warranty to him, which suit is still pending at law; and that after having received and accepted full satisfaction for the estate as a discharge of said *O'Brien*, she is now fraudulently prosecuting her suit to obtain dower in the same premises. It alleges, that the plaintiffs being liable to *Stuart* on the warranty have taken upon themselves the defence of that suit; and that these facts not constituting a bar at common law, the bill is filed; and it concludes with a prayer for an injunction to stay all further proceedings at law.

The answer which is very defective, and badly drawn, and as it is said, without the advice of counsel, admits the sale from *O'Brien* to *Stuart* by the consent of her husband for five hundred dollars, denies any knowledge of the payment of one hundred dollars to

O'Brien v. Elliot.

the husband during his life, and while it admits the conveyance of the house and lot to the daughter, denies it was by her request; admits that she received of *O'Brien* at different times two hundred dollars, and says, that she is fully satisfied with the amount paid by the said *O'Brien* so far as it relates to the land and dwellinghouse, but the said *Mary* says, that a store belonged to the premises of the said *Daniel* worth two hundred dollars, for which the said *Gideon* received rent for many years, and was finally sold by the heirs of the said *Gideon* without her consent, or any consideration received by her.

It appears from the testimony, that the store referred to in the answer was a small one story building of little value, and although built by *Elliot*, did not stand upon the land sold by *O'Brien* to *Stuart*; and so much of the answer as alleges it to have belonged to those premises is fully disproved, and the remaining part of the answer relating to it is not supported by any proof, and not being responsive to the bill, but set up in avoidance, it must be regarded as untrue and out of the case. *Briggs* v. *Penniman*, 8 *Cow.* 387.

As the right of dower is a clear legal right, it cannot be regarded as fraudulent to claim it at law, unless there has been some forfeiture, release, bar or satisfaction, which cannot be proved at law, but which may be established in equity. The bill proceeds upon the ground of a satisfaction by payment of the whole value of the land and of an equivalent for dower to the defendant.

*Lord Coke* says, that a jointure or estate made to the wife in satisfaction of dower is no bar at the common law, although dower *ad ostium ecclesiae* or *ex assensu patris* might be, " for a right or title that one hath to a freehold cannot be barred by acceptance of a collateral satisfaction." *Co. Lit.* 36, *b.* *Mr. Hargrave*, in note 224 upon this, says, that acceptance of a term of years, or a sum of money *in lieu of dower* is a good bar in equity. *Lord Eldon* says, that the idea that there must be a legal bar prevailed till *Lawrence* v. *Lawrence*, 2 *Vern.* 265. Now equitable bars are in daily practice. *Mundy* v. *Mundy*, 2 *Ves.* 129. But to be a satisfaction in equity it must be designed and accepted in lieu of, or as an equivalent for dower. *Couch* v. *Stratton*, 4 *Ves.* 391; *Larrabee & ux.* v. *Van Alstine*, 1 *Johns. Ch. R.* 307; *Adsit* v. *Adsit*, 2

*Johns. Ch. R.* 448; *Swaine* v. *Perine*, 5 *Johns. Ch. R.* 483; *Jones* v. *Powell*, 6 *ib.* 194.

Where real estate was sold in which a widow was entitled to dower, and the administrator by her consent and with her knowledge stated in the terms of sale, that a clear title would be given, and a full price for the land was paid without any disclosure by the widow of a claim to dower, it was held that she committed a fraud upon the purchaser, which precluded her from afterward setting up a title to dower. *Dougrey* v. *Fopping*, 4 *Paige*, 94.

In this case there is no allegation in the bill, that the money paid was in lieu of, or as an equivalent for, or in satisfaction of dower. Nor any allegation of an agreement not to claim it, or that she so received the money paid. Nor is there any proof of the kind, unless it is to be derived from her answer. That does say, she is fully satisfied so far as it relates to the land and dwellinghouse which are the only subjects of controversy; but this is not said in answer to a bill charging that it was received as compensation for or in satisfaction of dower. If it had been it might have been sufficient. As it now stands it may be fairly understood as having been said in consequence of her sense of having received all, that was payable to her and her children on account of the land sold to *Stuart*.

From the nature of the transactions, as stated in the bill and answer, it cannot be inferred, that the payments were made in satisfaction of dower. They would rather seem to have been made by *O'Brien* under a belief, that she was not entitled to dower, as it is not probable, that he would have conveyed with warranty if such had not been his impression. If she by her acts or declarations had induced the belief, that she had no claim to dower, and the sale had been made and payment received under that belief so produced, she might have been precluded, upon the principle of the case of *Dougrey* v. *Fopping*, from asserting her claim; but the case is without any such allegations or proofs.

The case seems to amount to this only, that *O'Brien* holding land in trust for *Elliot* in which his wife had a contingent right of dower, sells with warranty, before the death of the husband, disregarding, or overlooking her right, and pays the whole proceeds over after the right has become certain, without retaining any thing to compensate him for his responsibility upon the warranty. His heirs

may now suffer from such a misapprehension of right, or neglect in taking security; and the defendant may in consequence have received more for herself and children, than she otherwise would have done; but if so, all these facts do not constitute an equitable bar.

*Bill dismissed, with costs for defendant.*