CHITTENDEN,<br>*January*,<br>1843.<br><br>Lane<br>*v.*<br>Marshall *et al.*

Decree of the chancellor affrmed.

---

WILLIAM R. LANE *v.* LEANDER MARSHALL, HENRY HODGES, and WILLIAM P. BRIGGS.

### (In Chancery.)

Where the answer sets up matter of defence in avoidance of the bill, and the answer is traversed, this matter must be proved, independent of the answer.

THIS was an appeal taken by the defendants from a decree of foreclosure against the defendant, Marshall, upon a mortgage executed by him to the orator, on the 6th of April, 1833, to secure the payment of a note of hand for the sum of $300, payable in five years from that date, and against the defendants, Hodges and Briggs, as subsequent grantees of the same premises.

The defendant, Marshall, in his answer, alleged, in substance, that the mortgaged premises had been the property of seven children of Levi Lane, a *non compos mentis*, of whom the orator was one ; that the orator, having purchased the rights of three of said children, conveyed to him, Marshall, his right in the premises, embracing four out of the seven shares therein ; that the whole interest in the land was estimated to be of the value of $700, being $100 a share ; that he paid the orator $400, being the value of the four shares thus conveyed to him, and gave the note mentioned in the orator's bill, for the remainder of the $700, and executed the mortgage mentioned in the bill, to secure the payment thereof ; that on that occasion, the orator agreed to procure, and deliver to him, in a few days, a bond to be signed by Lyman Field and Erastus Field, conditioned that

if the orator should not, within five years, procure and de-
liver to him the title of the said three other heirs, he should
be saved harmless from the payment of said note for $300;
that the orator had not procured said bond, and had not
procured and delivered to him the title to said three other
shares, by reason whereof, he was liable to be ejected from
the premises.

The answer of Hodges admitted the execution of the deed
from Marshall to Briggs and himself, and alleged that it was
taken to secure them from a liability which had been dis-
charged, and referred to Marshall's answer.

The answer of Marshall was traversed; no testimony was
taken, and the case was tried upon the bill, answers and
traverse.

*W. P. Briggs,* for defendants.

The questions arising on the merits of this case, are—

*First*—Is the answer of the defendant, Marshall, respon-
sive to the bill? and

*Secondly*—If so, does it set forth a just and equitable de-
fence to the orator's claim?

We insist that the answer is responsive in those particu-
lars which deny the equity of the orator's claim.

The bill sets out the giving, and execution, of the note
and deed, and charges that the note is justly due and owing
to the orator; and in the interrogatories, compels the defend-
ants to answer whether this is not the truth. The answer
of the defendant, Marshall, (although not drawn with tech-
nical accuracy), states that there is no consideration whatever
for the note, and denies that there is any debt due the orator.
The story that the defendant, Marshall, tells about the agree-
ment to procure a bond, &c., may not be responsive to the
bill; but, certainly, the gist of the answer is, that the defend-
ant has been defrauded, and that he owes nothing to the
orator. The right of the defendant to make his answer evi-
dence in his defence, must be co-extensive with his obliga-
tion to answer. *Woodcock* v. *Burnett,* 1 Cow. 711; *Smith*
v. *Clark,* 4 Paige, 368; *Field* v. *Hallard,* 6 Cranch, 24.
But there was, clearly, error in the court below in ordering a
decree against the defendant, Hodges, who by his answer
disclaims all interest in the premises, and therefore should
have been discharged.

*Hill* and *Smalley* for orator.

The defendants, having admitted the execution of the note and mortgage deed set forth in the orator's bill, and not having proved the matter set up in avoidance of said note, the orator is entitled to a decree. American Ch. D., 403; *Hart* v. *Ten Eyck*, 2 Johns. Ch. R. 89; *Harrison* v. *Edwards*, 3 Litt. 352; *Bidinger* v. *Worley*, 1 Bibb, 195; *Gun* v. *Hart*, 1 Johns. R. 580; *Beckwith* v. *Butler et al.*, 1 Wash. 224; *Mott* v. *Harrington*, 12 Vt. R. 199; American Ch. D. by Wheeler, 334; &c.

Another reason why the orator should have a decree is, that the agreement set up in Marshall's answer, if true, cannot be proved by parol testimony, to alter the terms of the written contract. *Bradley* v. *Bently*, 8 Vt. R., 243, and the cases there cited. "The rules of evidence are universally the same in courts of law and courts of equity." *Mears et al.* v. *Anson et al.*, 3 Wils. R. 275.

The opinion of the court was delivered by

BENNETT, J.—This case goes to trial upon the bill, answers, and traverse; no evidence having been taken to sustain the answers.

If the facts set up by the answer as a defence, are not responsive to the bill, it is too well settled, to need authority, that the answer is no proof of such facts. The defendant, Marshall, claims, by his answer, that he purchased of the orator the seven shares of land which had descended to the seven children of Levi Lane, of whom the orator was one, at the sum of seven hundred dollars; of which he had paid four hundred dollars, and gave his note for $300, which note is the one now in question. The answer proceeds to allege, that the orator had a title to but four of the shares, and that, at the time of the purchase, the orator agreed with this defendant to give him a bond, with surety, to indemnify him against the outstanding title in the other three heirs; but that he had absconded without doing it, and that he was exposed to be ejected from the premises. The orator makes out his case by the exhibition of his note and mortgage, and the burthen of proof to impeach it, is upon the defendants; and when the defendant, Marshall, attempts, in his answer, to go into the facts set forth, with a design to show a want,

or failure of consideration for this note, he departs from the bill. It is matter in avoidance, if any thing, of the orator's mortgage, and should be proved. Whether the facts set forth in the answer of Marshall could avail the defendants, if proved, it is of no importance to inquire.

The result is, the decree of the chancellor is affirmed, with additional costs, with the alteration, that the time of redemption be extended to the first day of August, 1843 ; and the case is remitted to the court of chancery to be proceeded with accordingly.