WILKINSON, survivor, &c. *vs.* PARISH and others.

A suit in chancery may be revived by a surviving complainant against the infant representatives of a deceased complainant, by petition and the service of an order, under the general provisions of the revised statutes.

The petition to revive must contain substantially the same facts which are required to be set forth in a bill of revivor, and must also state that eighty days have elapsed since the death of the deceased complainant, and that his representatives have not caused themselves to be made complainants; and a copy of the order must be served upon the parties against whom the revival is sought.

If the representatives of the deceased party neglect to appear and answer the petition or to disclaim, the order that the suit stand revived becomes absolute against them, by default, and a formal appearance may be entered for them.

No decree or order of revival can be made against an infant, by default, under the provisions of the revised statutes; but if the infant neglects to appear and procure the appointment of a guardian, the same steps for the appointment of a guardian ad litem must be taken as in other cases where the infant neglects to appear.

If the parties against whom a suit is sought to be revived are beyond the jurisdiction of the court, or cannot be found to be served with the order, a formal bill of revivor must be filed, and the like proceedings had, to obtain their appearance, as are required in the case of absent, concealed or non-resident defendants.

Partition suits are embraced within the general provisions of the revised statutes relative to the revival of suits; but if a suit for partition is revived against an infant heir, the guardian ad litem of the infant must give the same security which would have been required if the infant had been one of the original parties to the suit.

If the husband dies pending a partition suit to which his wife is not made a party, the suit can only be revived or continued against the widow, as to her right of dower in the premises, by an original bill in the nature of a bill of revivor and supplement.

The purchaser of premises sold under a decree for partition, takes the same subject to the right of dower of the wife of one of the tenants in common, unless the wife was a party to the suit; but where an actual partition is made, the wife's dower will attach upon the portion of the premises allotted to her husband.

THE original complainants in this cause, Wilkinson & Blood, filed their bill for the partition of certain lands held by them as tenants in common with the defendants and with each other. Pending the suit, and after the bill had been taken as confessed against most of the defendants, Blood died

intestate, leaving a widow and several children, some of which children were infants.

*J. Rhoades,* in behalf of Wilkinson, the surviving complainant, now presented a petition stating these facts, and praying that the suit might be revived against the widow and children of the decedent ; and that an order might be entered, according to the statute, making them defendants. The petitioner also prayed that the general guardian of the infant children of Blood might be appointed their guardian ad litem in this suit, upon giving the requisite security.

THE CHANCELLOR. Several questions are presented for the decision of the court upon this petition which will require consideration. As some of the heirs of Blood, against whom it is now sought to revive this suit, are infants, the first question which presents itself is whether a suit in this court can be revived against infants by petition and order, under the general provisions of the revised statutes which authorize the revival of suits in chancery by that summary mode of proceeding. (2 *R. S.* 184, § 109 *to* 121.) In a case which was before the court for the correction of errors, in 1808, (*Rogers* v. *Cruger,* 7 *John. R.* 613,) Mr. Justice Van Ness expressed a very decided opinion that a suit could not be revived against infants, by this mode of proceeding, under the statute which was then in force. And this court has also intimated that a bill of revivor might perhaps be necessary where the representatives of a deceased party were infants, or where they could not be found to be served with a copy of the order of revival. But upon a further examination of the provisions of the revised statutes relative to the revival of suits in this court by petition and order, I can see no valid objection to applying those provisions to the case of infants, provided the same precautions are taken to protect the rights of such infants as are adopted by the court of chancery in other cases. The former statute only required the order of revival to be served upon the clerk in court of the deceased party ; and the infants therefore had no opportunity to appear by their guardian and protect their rights. In the case of *Rogers* v. *Cruger,* the suit was reviv-

ed upon such an ex parte proceeding, and the register of the court was appointed the guardian ad litem, without giving the infants, or their friends, any opportunity to procure the appointment of a guardian who understood the infants' rights. It is now settled that the party who seeks to revive a suit by this summary mode of proceeding under the statute, must proceed by petition, which is a substitute for the bill of revivor, and contains the substance of what is required to be stated in such a bill; although this petition may be very short. (2 *Paige's Rep.* 214, 362.) And the revised statutes require à service of the order on the same parties upon whom the subpœna would have to be served if a bill of revivor was filed. Such parties are also allowed to appear and answer the petition, and to object to the complainant's right to revive the suit against them. If an adult, who is served with a copy of the order, neglects to appear and answer the petition, or to disclaim, the order becomes absolute against him by his default, and a formal appearance may be entered for him in the suit. But as no decree or order affecting the rights of an infant can become absolute against him merely by a default, except in those cases where a statute has in express terms made the proceedings conclusive against him, or where it is evident that the legislature intended to preclude the rights of infants as well as adults, a decree or order of revival cannot be rendered against an infant representative of the deceased party, by default, under these statutory provisions. If the infant representative does not, within the time prescribed by the statute, procure a guardian ad litem to be appointed, and put in an answer to the petition, the party seeking to revive the suit against such infant must proceed as in other cases to have a proper guardian appointed to appear and protect his rights. In this manner, if the infant is within the jurisdiction of the court so as to be served with a copy of the order, the suit can be revived without the expense of a more formal proceeding by bill. But as the statute requires a service of the order of revival upon the representatives against whom the suit is sought to be revived, it is evident that this mode of proceeding cannot be adopted where the representatives of the deceased party, whether infants or adults, are out of the juris-

diction of the court or where they cannot be found to be served with the order. In such cases, the only regular way of reviving the suit is by a formal bill of revivor, and by advertising under the provisions of the statute relative to absentees.

The next question, to be considered is whether a partition suit can be revived under these general provisions of the revised statutes. As a petition under the statute is the substitute for a bill of revivor, containing all that is necessary to show the petitioner's right to revive, there can be no good reason why a partition suit, as well as other suits in this court, should not be revived in this manner. The sixth and seventh sections of another title of the revised statutes, which provides for the revival of suits after an abatement thereof by death, marriage, or otherwise, (2 *R. S.* 387,) has been referred to, however, as throwing a shade of doubt on this question. But upon a particular examination of those sections, I am satisfied they were intended to apply to proceedings in courts of common law only, to which all the other provisions of that title seem to be confined. The general provisions of the revised statutes relative to the revival of suits in this court, are broad enough to embrace suits of every description here; and it is therefore not probable that the legislature intended to adopt an anomalous practice in relation to the revival of partition suits in the court of chancery. Besides, these two sections are not imperative, so as to require the revival of partition suits only in the mode there pointed out, although in the common law courts there is probably no other legal mode of proceeding. But as suits in this court may be revived by petition and order, and also by bill of revivor, those sections, even if they are applicable to partition suits pending here, do not preclude the party from resorting to either of these modes of reviving and continuing the proceedings. I have no doubt, therefore, that the proper way to revive a partition suit in chancery is by petition and order, bill of revivor, or by a bill of revivor and supplement, as in ordinary suits in this court. If such a suit, however, is revived against an infant heir of a deceased party, the guardian ad litem of such infant should give security, in the same manner as if the infant was one of the original parties to the suit.

There is one objection to the granting of an order of revival in this case against the children of Blood, which may probably be obviated by an amendment of the petition. The representatives of a deceased complainant have eighty days after his death to cause themselves to be made complainants in the suit, before the surviving complainant can apply to revive the suit against them as defendants. (2 *R. S.* 185, § 117.) And it does not appear by this petition that eighty days have elapsed since the abatement of this suit by the death of Blood. But there is a more serious difficulty existing as to the revival of this suit against the widow of the deceased party, by a petition and order, under the statute. In *Douglass* v. *Sherman*, (2 *Paige's Rep.* 358,) this court decided that the right to revive a suit by petition and order, only extended to those cases where, by the former practice, the proceedings could have been revived and continued by a simple bill of revivor. In this case, the children of Blood take their interest in the premises as the representatives of their father, and by descent from him ; a simple bill of revivor would therefore have been sufficient to bring their interests before the court. But the widow does not take her dower as the representative of the husband, or by descent from him. She takes it by a title which is prior in point of time to the commencement of this suit, and which cannot be affected by any act of the husband, or by any proceedings in a suit to which she was not a party. By the marriage, the wife becomes entitled to a life estate in one third of the real estate of the husband, after his death, provided she survives him. She is therefore in the situation of a contingent remainder-man whose estate becomes vested by the death of a party to the suit upon whose death without issue the contingency depends. In such a case, the suit cannot be revived, either in favor of or against the remainder-man, by a bill of revivor merely ; but the party seeking to revive the suit, or to have the benefit of the former proceedings by a continuance thereof, must file an original bill in the nature of a bill of revivor and supplement. (*See Mitford's Pl.,* 4 Lond. ed. 72.) In the case of *Wilde* v. *Jenkins,* which came before this court in March last, upon an application to overrule, as frivo-

1832.

Wilkinson
v.
Parish.

lous, a demurrer of the widow to a bill of revivor filed against her, it was decided that the wife's right to dower could not be affected by a suit against her husband to which she was not a party; and that such a suit could not be continued against her, upon the death of the husband, by a mere bill of revivor. In this case, it is proper that the widow should be a party to this proceeding, so that her dower in the premises may be assigned to her in severalty, out of those portions of the premises which shall be set off to the children of Blood respectively; or, if a sale of the premises shall become necessary, that the purchaser may obtain a perfect title to the property, discharged of this claim of dower. The proper mode of effecting this object, however, is for the petitioner to file an original bill, in the nature of a bill of revivor and supplement, to have the benefit of the former proceedings in this suit as against the original defendants and against the heirs at law of Blood, and to have the proper relief in relation to the assignment of the widow's dower in the premises.

As a feme covert cannot be bound by a decree against her husband in a partition suit to which she is not a party, it seems to be proper, in all cases where a sale of the premises will probably be necessary, that the wife should be joined with her husband as a party in the suit, so that the purchaser's interest in the premises may not be charged with the incumbrance of her contingent claim of dower. But where an actual partition of the premises can be made, it is not material that the wife, who has only an inchoate right of dower in her husband's undivided interest therein, should be made a party; as her dower will attach upon that part of the premises which shall be set off to him in severalty.

This petition must be dismissed; but without prejudice to the right of the petitioner to proceed by bill.