### DOUGREY vs. TOPPING & HOLME.

Where an administratrix sold real estate of the decedent under a surrogate's, order, in which estate she was entitled to dower, and in the terms of sale it was stated that a clear and satisfactory title would be given, and the purchaser paid the full value of the premises, under a belief that he was obtaining a perfect title ; *Held*, that the silence of the administratrix as to her claim of dower was such a fraud upon the purchaser as to preclude her from afterwards setting up such claim against him or his assigns.

Notwithstanding the complainant waives the necessity of an answer on oath from a defendant, the answer must be sworn to if the defendant wishes to move to dissolve an injunction upon the bill and answer.

April 2.     THIS case came before the court upon a motion to dissolve an injunction. The facts sufficiently appear in the opinion of the chancellor.

*H. P. Hunt,* for the complainant.

*A. Van Vechten,* for the defendants.

THE CHANCELLOR. This is an application by the defendants to dissolve an injunction, granted upon the filing of the bill in this cause, restraining the defendant Margaret Topping

from proceeding to recover her dower in a lot and brewery in Lansingburgh. The complainant waived the necessity of an answer on oath; but that did not prevent the defendants from swearing to their answer with a view to a dissolution of the injunction. As they have not availed themselves of the right to deny the equity of the bill on oath for this purpose, the answer must be laid out of the question in deciding upon this application. (*Rule* 37.) The question now before the court must therefore be decided upon the matter of the bill only. And for the purpose of the present motion, every allegation in the bill must be taken as true. But this will not prevent a dissolution of the injunction at the final hearing, if the allegations in the bill are not sustained by proof. The complainant alleges that in September, 1829, M. Vassar purchased the lot and brew-house in question, of the defendants as the personal representatives of J. Topping, deceased, under an order of the surrogate of the county of Rensselaer. That the property was sold at auction, and that Holme, the administrator, directed the auctioneer to offer the property for sale free from all and every encumbrance except an annual ground rent; the premises being held under a durable lease. That by the written terms of sale, which were afterwards signed by Vassar as the purchaser, it was stated that a *clear and satisfactory title* was to be given, subject to the ground rent reserved by the lease. That after the sale and previous to the execution of the deed, the complainant agreed with Vassar for the purchase of an undivided half of the premises, and that he afterwards obtained from Vassar a conveyance accordingly. That at a subsequent time, the complainant also purchased of Vassar the other half of the premises, and obtained a conveyance therefor. The complainant also alleges, that before payment of the purchase money on the sale to Vassar, and when the defendants were about to execute the deed to him under the surrogate's order, their counsel assured the complainant and Vassar that the conveyance which was prepared and then ready for delivery, was sufficient to pass the right of dower of Mrs. Topping in the premises. And the defendant Holme, at the same time, also assured Vassar that he was getting a good title to the property, free from every encumbrance and

claim except the ground rent and a small judgment against Topping; which judgment was to be immediately paid off by the defendants. That upon these assurances, and upon the further assurance of the counsel for the defendants that he might rely with confidence upon the same, Vassar consented to take the deed and paid the purchase money. The complainant further alleges that Mrs. Topping, the administratrix, understood and approved of the terms of sale and the representations thus made by Holme, the administrator; and knew that the purchaser was to have the premises free from all claims of dower or other encumbrances, except the ground rent. That Vassar accepted the conveyance and paid the purchase money, which was the full value of the premises, under the belief that he was obtaining a good title to the property, free from all claims of dower or other encumbrances, except such ground rent. It also appears from the complainant's bill that he and Vassar made permanent improvements on the premises, to the value of about $900, before they had any notice that the administratrix intended to claim dower in the same. About a year after the sale, Mrs. Topping instituted proceedings before the surrogate to obtain an assignment of her dower, which she now insists was not conveyed by the deed executed by herself and Holme to Vassar.

It is not necessary for the decision of the present application that I should examine the question whether the deed to Vassar may not be valid as a release, so as to bar the right of dower of Mrs. Topping, although it might not take effect as a bargain and sale under the statute of uses for want of a pecuniary consideration passing directly to herself. As the dower was not assigned, the whole legal title would pass by a conveyance from the defendants in their representative character only; and if the words of release, contained in the deed, can be applied to Mrs. Topping in her individual capacity, a pecuniary consideration would not be necessary to make it a valid release of her right of dower in the premises.

If the legal right to dower still remains in Mrs. Topping, yet if the allegations in this bill are true, there is a strong equitable claim on the part of this complainant to be reliev-

ed against this right of dower. As the law then was, the widow was not bound to have her dower sold with the interest of the heirs at law, which the defendants were authorized to sell under the surrogate's order. It is evident, however, that as to property situated as this was, it would very much enhance the value if the whole should be sold together. And if the facts had been properly reported to the surrogate, she would have been entitled to retain her share of the purchase money out of the fund produced by the sale. It does not appear whether this has been done, or whether there is not even now a sufficient sum remaining in the hands of the surrogate to compensate her for her right of dower. If her rights have not been protected, it has been owing to the negligence of the defendants, and not to the fault of the complainant. And as the case now stands before me, the complainant is, in equity, entitled to protection against any claim which either of these defendants had upon the premises at the time they received the money of Vassar, under the assurance that he was receiving a good title. As the administratrix joined in the report of the sale to the surrogate, she must have been present at the sale either personally or by her agent ; and must have seen the written terms of sale in which it was stated that the purchaser was to have a clear and satisfactory title. It was the brewery, and the lot on which it stood, and not merely the decedent's interest therein, for which a clear and satisfactory title was to be given to the purchaser. And that necessarily excluded the idea that the purchaser was to take the property encumbered with a right of dower which had then become vested by the death of the husband. It therefore seems to be impossible that any of the parties could have supposed the purchaser was to take the property at its full value, and yet that the claim of dower was not to be relinquished. As the defendants must have known that Vassar was paying his money under a supposition that he was getting a perfect title, if Mrs. Topping did not intend to part with her dower conscience required her to speak. And silence under such circumstances was such a fraud upon the pur-

chaser as to prevent her from afterwards making her claim for dower in the premises.

The motion must be denied with costs; and the injunction is to be retained till the hearing of the cause, and till further order.