# THE

# New York Supplement.

## VOLUME I.

FEITNER *v.* LEWIS *et al.*

*(Superior Court of New York City, General Term.* May 7, 1888.)

MORTGAGES—FORECLOSURE AGAINST INFANT MORTGAGOR—FAILURE TO MAKE PERSONAL
SERVICE OF PROCESS.

Where a wife under age joins with her husband in a mortgage, and, in the fore-
closure following, subpœna is left with him to give to her, which he does not do,
and the property is sold by the master, and his deed recorded before the wife has
attained majority, she is not barred of her right of dower by joining in the mort-
gage and the judgment of foreclosure against her is void for want of jurisdiction.

On exceptions from jury term.

Action for dower by Elsie R. Feitner against Richard J. Lewis and William
Hagan.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Henry Brewster,* for plaintiff.   *Wm. H. Regan,* for defendants.

O'GORMAN, J.   This case is presented on exceptions ordered to be heard in
the first instance at general term.   The action was brought by plaintiff, as
widow of George Feitner, deceased, for dower in a lot in Forty-Eighth street,
in this city, of which lot the defendants are seized and possessed.   The material
facts are these:  The plaintiff was born in 1820, and was married to said George
Feitner in 1835.   In 1836, she joined him in executing a mortgage on the lot
referred to, she being then an infant over 14 years of age.   In 1838, while she
was still under age, a suit in chancery was instituted for foreclosure of that
mortgage, in which suit her husband and she were parties defendant.   A copy
of the writ of subpœna in that suit was served on her husband, and a copy of
the same was delivered to him, with the request that he would hand it to her.
He did not deliver it to her, and she was never served with a subpœna in the
suit, and never in any manner appeared in the suit; and judgment of fore-
closure and sale of said lot was entered against her by default, and the same
was enrolled on July 9, 1838, she being still, and until 1841, an infant under
21 years of age.   In pursuance of said judgment, the said mortgaged property
was sold by a master in chancery, and the deed of the master in chancery to
the purchaser was executed and recorded in December, 1838.   The plaintiff
contends—*First,* that the execution, by the plaintiff while under age, of the
mortgage was of no force and effect to bar her right to dower; *second,* that she
was not made a party to the suit for foreclosure, or brought within the juris-
diction of the court therein, or bound or in any way affected as to her right to
dower by the judgment therein.

N.Y.S.no.1—1

The foreclosure suit was brought and concluded under the chancery practice which then existed in this state, but the principles by which that practice was controlled were not different from those which now prevail. It was held in *Priest* v. *Cummings*, 16 Wend. 617, (1837,) that a *feme covert* is not barred of her right of dower by joining with her husband in a conveyance of land, and acknowledging her execution of the deed, if she be a minor within the age of 21 at the time of the acknowledgment. See, also, Tyler, Inf. 555. Whether her execution of that release of dower was void or only voidable, and subject to ratification by her on arriving at full age, is a question which need not be discussed here. There is no evidence or presumption that she ever did ratify it. The plaintiff was never properly brought into court in the foreclosure suit. The court acquired no jurisdiction over her, and as to her the judgment is of no force or effect. The only way in which an infant could have been brought within the jurisdiction of the court in that action was by service of the subpœna upon her in person. Without that service, the proceedings against her in the suit were absolutely void. As to the absence of some other steps in the action subsequent to her being served with process, if this service had been made, the defect might be only an irregularity, which could be cured. But the failure to make this personal service on her of the subpœna was fatal and incurable. She was never brought within the jurisdiction or power of the court, and all its proceedings against her were void, and the judgment taken against her by default was void. *Wilkinson* v. *Parish*, 3 Paige, 655. Want of jurisdiction may be set up at any time. *Ferguson* v. *Crawford*, 70 N. Y. 253, 263. In *McMurray* v. *McMurray*, 66 N. Y. 175, cited on behalf of the defendant, a decree of foreclosure against infants was held to be only voidable, notwithstanding the fact that no guardian *ad litem* had been appointed for certain infant defendants, which was required by law. But in that case they had been served with process, and were thus brought into court, and were within its jurisdiction. In the case at bar, the infant was never personally served with any process in the suit, and, as far as appears, did not know of the existence of the suit until after her husband's death, which occurred on May 30, 1882. The defendants' exceptions were not well taken, and there should be a judgment for the plaintiff, with costs.