By the Court.—O’Gorman, J.
(after stating the facts as above)—The foreclosure suit was brought and concluded under the chancery practice which then existed in this state, but the principles, by which that practice was controlled, were not different from those which now prevail.
It was held in Priest v. Cummings, 16 Wend. 617 (1837), that a feme covert is not barred of her right of dower by joining with her husband in a conveyance of land, and acknowledging her' execution of the deed, if she be a minor within the age of twenty-one at the time of the acknowledgment. See also Tyler on Infancy and, Coverture, 555.
Whether her execution of that release of dower was void, or only voidable, and subject to ratification by her on arriving at full age, is a question which need not be discussed here. There is no evidence or presumption that she ever did ratify it. The plaintiff was never properly brought into court in the foreclosure suit, the court acquired no jurisdiction over her, and as to her, the judgment is of no force or effect. The only way in which an infant could have been brought within the jurisdiction of the court in that action was by service of the subpoena upon her inperson. Without that service, all proceedings against her in the suit were absolutely void.
*528 As to the absence of some other steps in the action subsequent to her being served with process, if this service had been made, the defect might be only an irregularity, which could be cured. But the failure to make this personal service on her of the subpoena was fatal and incurable. She was never brought within the jurisdiction or power of the court, and all its proceedings against her were void. The judgment taken against her by default was void. Wilkinson v. Parish, 3 Paige 655.
Want of jurisdiction may be set up at any time. Ferguson v. Crawford, 70 N. Y. 253, 263.
In McMurray v. McMurray, 66 N. Y. 175, cited on behalf of the defendants, a decree of foreclosure against infants was held to be only voidable, notwithstanding the fact that no guardian, ad litem, had been appointed for certain infant defendants, which was required by law. But in that case, they had been served with process, and were thus brought into court, and were within its jurisdiction.
In the case at bar, the infant was never personally served with any process in the suit, and as far as appears, did not know of the existence of the suit until after her husband’s death, which occurred on May 30, 1882.
The defendant’s exceptions were not well taken, and there should be a judgment for the plaintiff with costs.
Sedgwick, Ch. J., and Freedman. J., concurred.