O’Gorman, J.
This case is presented on exceptions ordered to be heard in the first instance, at general term.
The action was brought by plaintiff, as widow of George Feitner, deceased, for dower in a lot in Forty-eighth street, in this city, of which lot the defendants are seized and possessed.
The material facts are these:
The plaintiff was bom in 1820, and was married to said George Feitner in 1835.
In. 1836, she joined him in executing a mortgage on the lot referred to, she being then an infant, over fourteen years of age.
In 1838, while she was still under age, a suit in Chancery was instituted for foreclosure of that mortgage, in which suit her said husband and she were parties defendant.
A copy of the writ of subpoena in that suit was served on her husband, and a copy of the same was delivered to him with the request that he would hand it to her.
He did not deliver it to her, and she was • never served with a subpoena in the suit, and never in any manner appeared in the suit and judgment of foreclosure and sale of said lot was entered against her husband and against her by default, and the same was enrolled on July 9, 1838, she being still, and until 1841, an infant under twenty-one years of age.
In pursuance of said judgment, the said mortgaged property was sold by a master in chancery, and the deed of the master in chancery to the purchaser was executed and recorded in December, 1838: .
The plaintiff contends:
First. That the execution by the plaintiff, while under age, of the mortgage, was of no force and effect to bar her right of dower.
Second. That she was not made a party to the suit for foreclosure, or brought within the jurisdiction of the court therein, or bound or in any way affected as to her right to dower, by the judgment therein.
The foreclosure suit was brought and concluded under the chancery practice which then existed in this state, but *576 the priciples by which the practice was controlled, were not different from those which now prevail.
It was held in Priest v. Cummings, 16 Wend., 617, (1837), that a feme covert is not barred of her right of dower by joining with her husband in a conveyance of land, and acknowledged her execution of the deed, if she be a minor within the age of twenty-one at the time of the acknowledgment. See also Tyler on Infancy and Coverture, page 555.
Whether her execution of that release of dower was void, or only voidable, and subject to ratification by her on arriving at full age, is a question which need not be discussed here.
There is no evidence or presumption that she ever did ratify it.
The plaintiff was never properly brought into court in the foreclosure suit, the court acquired no jurisdiction over her, and as to her the judgment is of no force or effect.
The only way in which an infant could have been brought within the jurisdiction of the court in that action was by service of the subpoena upon her in person.
Without that service all proceedings against her in the ' suit were absolutely void.
As to the absence of some other steps in the action subsequent to her being served with process, if this service had been made the defect might be only an irregularity which could be cured.
But the failure to make this personal service on her of the subpoena was fatal and incurable.
She was never brought within the jurisdiction or power of the court, and all its proceedings against her were void. Wilkinson v. Parish, 3 Paige, 655.
Want of jurisdiction may be set up at any time. Ferguson v. Crawford, 70 N. Y., 253, 263.
In McMurray v. McMurray, 66 N. Y., 175, cited on behalf of the defendants, a decree of foreclosure against infants was held to be only voidable, notwithstanding the fact that no guardian ad litem had been appointed for certain infant defendants, which was required by law.
But in that case they had been served with process, and were thus brought into' court, and were within its jurisdiction.
In the case at bar, the infant was never personally served with any process in the suit, and as far as appears did not know of the existence of the suit until after her husband’s death, which occurred on May 30, 1882.
The defendant’s exceptions were not well taken, and there should be a judgment for the plaintiff, with costs.
Sedgwick, Ch. J., Freeman and O’Gorman, JJ., concur.