DAVIS v. WOOD et al.

(*Supreme Court, General Term, Third Department. May, 1890.*)

HUSBAND AND WIFE—ANTENUPTIAL CONTRACT—FRAUD.

> A girl sued for breach of promise, pleading seduction and pregnancy in aggravation. On a compromise she withdrew the charge of a promise to marry. After the birth of the child, she was taken to wife by her betrayer, an antenuptial contract providing that neither should have any interest, present or future, in the estate of the other. She was then 21 years old, and had $1,400. The husband was 65, had three adult children, and was worth $50,000. *Held*, that the agreement is not so harsh and unequal that fraud or undue advantage taken of her situation can be inferred.

Appeal from judgment on report of referee.

Action by Mary S. Davis against Jacob D. Wood and others, devisees of Jacob H. Davis, deceased. There was a judgment for defendants, and the plaintiff appeals.

Argued before LEARNED, C. J., and LANDON and MAYHAM, JJ.

*John E. Van Etten,* for appellant. *A. V. Clearwater,* for respondents.

LANDON, J. The plaintiff seeks to set aside the antenuptial contract entered into between herself and her late husband, Jacob H. Davis, who died after the plaintiff took this appeal from the judgment. The parties were married April 24, 1867, and lived together until after this action was brought in 1881. The plaintiff alleges that she executed the antenuptial contract, not knowing its contents or effect, and upon the false representation of her then intended husband, that it was a deed for the sale of a wood lot. Upon conflicting testimony the referee decided this question of fact against the plaintiff. The referee also found that the plaintiff executed the instrument with full knowledge of its contents. We think the finding of the referee is in accord with the clear weight of the testimony.

The learned counsel for the appellant urges that the antenuptial contract was without consideration, and also was so inequitable and unreasonable as to justify the court in presuming fraud, and therefore in setting it aside. The plaintiff had about $1,400, and the late defendant upwards of $50,000. She was 21 years of age, and he about 65. He had three adult children by a

former wife. The plaintiff had sued him, alleging her seduction and pregnancy, accomplished under his promise of marriage. That action was settled, the plaintiff withdrawing the allegation of promise of marriage. A child was born to her. The antenuptial contract and marriage followed. The effect of that contract was that each party should retain his and her separate estate, free from the control of the other, or of any ultimate lien upon or interest in it in favor of the other. The plaintiff relies upon *Pierce* v. *Pierce*, 71 N. Y. 154. The circumstances are different. There is no need to enlarge upon them. The allegation of fraud has reference to the antenuptial contract. It may be that her intended husband had in his past relations done her great wrong, but we cannot fail to see that it must have been of the utmost importance to her to retrieve, so far as possible, her character and standing, by entering into this marriage. Her intended husband, with his adult children, and considerable estate, might well wish at his mature age to remove such grounds for regret as he would naturally expect to encounter. It is not unreasonable to suppose that, so far as this could be done by this antenuptial contract, the plaintiff was quite willing to co-operate. We therefore are not inclined to presume fraud from the smallness of the provision in the wife's favor. Upon the finding of the referee, that the plaintiff understood the contract when she entered into it, the action is barred by the statute of limitations. Fraud not being established, the contract is valid, marriage being an ample consideration to support it. Judgment affirmed, with costs. All concur.