(Surrogate's Court, New York County. December, 1899.)

1. WILLS—DOWER—ELECTION.
    In absence of express words in a will, a bequest to testator's widow will not be held in lieu of a dower unless the vesting of dower is repugnant to provisions of will.

2. SAME—LEGACIES—CHARGES ON LAND.
    A general legacy is payable only from the testator's personalty when there is nothing in the will to show he desired it should be a charge on his land.

3. SAME—DEBTS.
    A preliminary direction in a will that all of testator's debts shall be paid does not render them a charge on his realty.

In the matter of the estate of Christian Grotrian, deceased. Exceptions to referee's report in proceedings to sell decedent's real estate. Modified and affirmed.

John E. Brodsky, for executrix.
Francis A. Dugro, for claimant.

VARNUM, S. This is one of the undecided matters that was before Surrogate ARNOLD, and that has now been submitted to me for final disposition. The testator directed that his executrix should set apart and apply out of the income of his estate the sum of $325 every three months for the benefit of his wife, for her support and main-

tenance. After the death of his wife, the residuary estate, including real property, is given to the executrix, in trust to sell and divide the same among certain nieces and nephews. The executrix is directed to take charge of the property, collect the rents thereof, and, after the death of the testator's wife, to dispose of the same as above mentioned. In a proceeding to sell decedent's real estate for the payment of his debts, the referee has found that under the terms of the will the widow is entitled both to the specific bequest of income and to dower, and that she is not placed to her election. The exceptions to this finding raise the only important question in this matter. The law favors dower. The cases are clear that, in the absence of express words in a will, the implication that any given provision is made in lieu of dower must be strongly patent. Unless the vesting of dower be absolutely incompatible with and repugnant to the provisions of the will, the widow should not be deprived thereof, whatever the other pecuniary bequests given her may be. Closs v. Eldert, 30 App. Div. 338, 51 N. Y. Supp. 881; Kimbel v. Kimbel, 14 App. Div. 570, 43 N. Y. Supp. 900; Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868. In my opinion, none of the provisions of the will herein presents anything that is irreconcilable with the vesting of dower, and hence, under the rule stated, I hold that the finding made by the referee in this regard is proper. Under the third clause of the will a general legacy of $1,000 is given to a niece of the testator. The referee finds that this legacy, in the absence of insufficient personalty, must be paid from the real estate. I cannot concur in this conclusion. Whether a legacy is chargeable on land is always a question of the testator's intention. McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480. There is nothing to show that the decedent desired this result to be worked with reference to this legacy, and hence it is only payable from the personal property of the estate. The exception to the finding in this matter is sustained. There is no merit in the contention that this court has no jurisdiction to entertain the proceeding herein, for the reason that the preliminary direction of the testator that all of his debts be paid charges the payment of the debts upon the realty. That is not the effect of such a direction. Cunningham v. Parker, 146 N. Y. 29, 33, 40 N. E. 635; In re Bingham, 127 N. Y. 296, 27 N. E. 1055. Excepting as above stated, the exceptions filed are overruled, and the report of the referee will, in all other respects, be confirmed.

Exceptions, except as above stated, overruled, and referee's report confirmed.