Matter of the Estate of CHRISTIAN GROTRIAN, Deceased.

(*Surrogate's Court, New York County, Filed June*, 1901.)

1. DOWER—TESTAMENTARY PROVISION NOT A BAR.

A testator's direction to his executors to set apart from and apply out of the income of his estate a fixed annual sum for the support of his wife for life does not, on the face of the will, bar dower.

2. SAME—CONSENT TO TAKE GROSS SUM—CODE C. P., § 2793, SUB. 3.

Where the said fixed sum proved to exceed the entire income of the personal estate and of the real estate after its conversion into money in order to pay the testator's debts, and the widow was an incompetent person, the court refused the application of her committee to be permitted to take a gross sum in lieu of dower as not being proper nor in the best interest of the widow, and it directed that the balance, after payment of the moving creditor, be paid to the executrix of the testator in order to produce the widow's provision.

3. SAME—COMPENSATION OF ATTORNEYS FOR REMAINDERMEN.
    Where the will directed that, after the death of the widow, the
    estate should be divided among collaterals, the court held that the
    claims of their attorneys against them for services could not be con-
    sidered, while the widow was living, in the proceeding to sell the tes-
    tator's real estate.

Application of the executrix of Christian Grotrian, de-
ceased, for a distribution of the proceeds of the sale of his real
estate for the payment of his debts. The second clause of his
will provided: "I direct that my executors set apart and
apply out of the income of my estate the sum of three hun-
dred and twenty-five dollars every three months for the bene-
fit of my wife Louise Grotrian, which sum shall be used for
the care, support and maintenance of my said wife Louise
Grotrian during her life." The will also gave a general leg-
acy of $1,000 to Louise Mundt, his niece. It also directed that
after the death of his wife all his residuary estate, including
realty, should be sold and divided among certain of his
nephews and nieces. Other facts appear in the opinion.

John E. Brodsky, for executrix; Carter, Hughes & Dwight,
for residuary legatees; Aaron Kahn, for residuary legatees;
Gratz Nathan, for special guardian.

THOMAS, S.— I concur in the opinion of Surrogate Var-
num, rendered when this matter was before him, that on the
face of the will the annuity directed to be paid to the widow
does not bar her claim to dower. Matter of Grotrian, 30
Misc. Rep. 23. At that time an order was made appointing
appraisers. A decree was thereafter made by Surrogate Fitz-
gerald directing a sale of part of the real estate of the tes-
tator, and the present application is for a decree directing as
to the disposition of the proceeds of such sale. The widow is
an incompetent and appears by her committee. It is now

shown that the amount directed to be paid to the widow exceeds, and has at all times since the death of the testator, in 1892, exceeded the entire net income of his estate. It is not now necessary to determine whether this payment was an annuity or a trust provision. Cochrane v. Schell, 140 N. Y. 516. The committee of the widow asks that an order be made directing him to execute an instrument on her behalf electing to take from the proceeds of the sale of the property sold a gross sum equivalent to the present value of her right of dower, and that such gross sum be paid to him, leaving the balance, if any, in the hands of the executrix to raise further income for her. Such an order can be made upon proof that it will be for the best interest of the widow (Code C. P., § 2793), and if her right of dower is legally paramount to the provision for her contained in the will. I must determine both of these questions contrary to the contentions of counsel for the widow's committee. The annuity or trust sum directed to be paid to the widow is, in fact, though not so expressed in the will, a gift to her for her life of the entire income of the estate. If it had been so expressed it would have been a legal bar to all claim of dower, as being manifestly inconsistent with dower. Matter of Zahrt, 94 N. Y. 605. She is to have the entire income, and whether her title thereto is in part because of the will or in part independent of the will. it is not now important to determine. If she has the full income, and is to retain it, there is no propriety in giving her a part of the principal in lieu of a part of the income not given up, except as the transacttion diminishes the estate from which income is to be obtained. There is also no proof that such a disposition would be to the interest of the widow. As a matter of discretion I will not permit the committee to execute the instrument accepting a gross sum out of the estate. I also agree with Surrogate Varnum that the pecuniary legacy to Louise Mundt is not charged upon the real estate, and

cannot be protected in this proceeding. Matter of Grotrian, *supra*. The fund, after payment of the amount due to the petitioner and the costs of the proceeding, will be directed to be paid over to the executrix to be held, invested and paid out in pursuance of the directions contained in the will of the testator as to the real estate from which said fund was derived. The rights of the other legatees cannot be determined until they become due, which will not be until the death of the widow. For this reason the claims of counsel for such legatees as against their clients cannot be enforced in this proceeding. The balance of the claim of the petitioner, with interest and his taxable costs, and an allowance to the special guardian for the infant parties not exceeding taxable costs, to be hereafter fixed, and the taxable disbursements of all the parties will be paid out of the fund.. The great loss caused by the sale and the necessary costs of this proceeding could have been averted by a small sacrifice on the part of any of the adult parties in interest. Without attempting to apportion the fault I will refuse any costs, except as above stated, to any of the parties in interest. Settle decree and tax costs on notice.

Decreed accordingly.

---

## NOTE ON DOWER, WHEN BARRED, FORFEITED OR RELEASED.

### GENERALLY.

Any claim existing before accruing of wife's dower right, which would have defeated husband's seizin, will bar dower, but wife's right held unaffected by any act of husband subsequent to marriage. Scott v. Howard, 3 Barb. 390.

Dower held not to exist in land acquired by the husband after the entry of a decree of divorce. Nichols v. Park, 78 App. Div. 95.

Where a husband is seized of a vested remainder expectant upon an estate for life, subject to be defeated by his own death prior to that of

the tenant for life, and he purchases the life estate, this is such a seizin as gives the wife dower subject to be defeated as above, and the husband cannot alienate or encumber the estate to the prejudice of the wife's dower, nor is the same affected by the sale of the life estate upon execution against the husband. House v. Jackson, 50 N. Y. 161.

A wife has no estate in the lands of her husband during his life which she can convey; her inchoate right of dower is but a contingent claim, incapable of transfer by grant or conveyance, but susceptible only during its inchoate state, of extinguishment, which can only be effected by a proper conveyance to the grantee of the husband, and therefore she is not by joining in her husband's deed, constituted a grantor of the premises, and such a conveyance by her does not vest in the grantee any greater or other estate than such as he derives from the conveyance of the husband. Witthaus v. Schack, 105 N. Y. 332.

## BY ACQUIESCENCE IN CONVEYANCE.

Where wife at sale of her husband's lands publicly announces that she will not claim dower therein, she is thereby estopped from afterwards asserting same as against a purchaser who relied upon such announcement. Dougrey v. Topping, 4 Paige, 94.

Where wife merely remains silent when lands in which she claims dower are advertised or sold, she is not thereby precluded from afterwards asserting her dower rights. Matthews v. Duryee, 3 Abb. Dec. 220.

But otherwise where she accepts an equivalent in lands or money and permits purchaser to complete purchase. Jones v. Powell, 6 Johns. Ch. 194.

## BY ADULTERY.

Though a female immediately deserted her husband after marriage and ever after lived in adultery with another she may, nevertheless, be endowed of her husband's lands, if a divorce was not obtained by him. Cooper v. Whitney, 3 Hill, 95.

Though a wife lived in open adultery away from her husband, if a divorce has not been obtained, her dower right held not to be barred. Reynolds v. Reynolds, 24 Wend. 193.

Under the provisions of the Revised Statutes declaring that a wife convicted of adultery in an action brought against her by her husband for divorce, shall not be entitled to dower in his real estate, it is only where, upon proof and a finding or verdict of adultery, the court has in such an action given judgment of divorce against the wife and dissolved the marriage contract, that her right of dower is lost; the forfeiture is not a con-

sequence of the offense, but of the judgment founded thereon. Schiffer v. Pruden, 64 N. Y. 47.

## BY ADVERSE POSSESSION.

Loss of title to lands of which the husband was seized during coverture by adverse possession, held not to affect his wodow's right to dower in such lands. McIntyre v. Costello, 47 Hun, 289.

## BY ANNULMENT OF MARRIAGE.

Where a marriage has been annulled by judicial decree, upon the ground that when it was contracted the husband had a former wife living, who had absented herself for more than five successive years immediately preceding the second marriage, without being known by him to be living, although until it was so annulled it was voidable only and not void, and the cohabitation of the parties was not adulterous and although both of the parties entered into the marriage in entire good faith, yet the wife is not entitled to dower in the real estate owned by the husband at the date of the decree. Price v. Price, 124 N. Y. 589.

## BY ANTE-NUPTIAL AGREEMENT.

In an ante-nuptial agreement, a stipulation that neither of the parties should have any interest, present or future, in the estate of the other, where it appeared that such an agreement was made in settlement of a suit brought by the wife for seduction under promise of marriage, the wife being a young woman of twenty-one, and the husband an elderly man with three adult children, was sustained. Davis v. Wood, 10 N. Y. Supp. 460.

While an ante-nuptial contract, by which the future wife releases all claims against the estate of her husband upon his decease, will be sustained when fairly made, yet, from the confidential relations between the parties, it will be regarded with the most rigid scrutiny; and where the circumstances establish that the woman has been deceived, or induced by false pretenses to enter into the contract, it will be held null and void. Pierce v. Pierce, 71 N. Y. 154.

Where husband under ante-nuptial agreement agreed to pay wife $10,000 at his death, and wife after marriage executed with husband another agreement whereby in consideration of $5,000 then paid, released and cancelled former agreement, held that she could not enforce original agreement and could only be relieved by a suit in equity. Tallinger v. Mandeville, 113 N. Y. 427.

## BY CONDEMNATION PROCEEDINGS.

Where lands are taken by a municipal corporation for a public use, upon an appraisement and payment of their value to the holder of the fee, the corporation acquires the absolute title to them, divested of any inchoate right of dower existing in his wife. Moore v. Mayor, 8 N. Y. 110.

A married woman may execute a power of attorney to her husband, empowering him to convey her inchoate right of dower, and his signature of her name to a deed conveying real estate owned by him, will operate to release such dower. Wronkow v. Oakley, 133 N. Y. 505.

## BY DIVORCE.

Where a man and woman who were married in the State of Massachusetts, of which State the woman was then a resident, move to the State of New York, and the wife subsequently leaves the husband and returns to the State of Massachusetts, and remaining there six years, obtains in that State a decree of divorce from her husband on the ground of extreme cruelty, by service of process personally upon the husband in the State of New York, where he still resided, such decree of divorce does not deprive the wife of her right to dower in property situated in the State of New York, acquired by the husband after the decree of divorce was rendered, notwithstanding that the husband acting on the faith of the decree contracted a second marriage in the State of Pennsylvania. Starbuck v. Starbuck, 62 App. Div. 437.

A divorced wife, whether the divorce was granted because of the misconduct of herself or her husband, is not entitled, if he die intestate, to administration, or to a distributive share of his personal estate, or to dower. In re Ensign, 103 N. Y. 284.

A wife can only be barred of dower by a conviction of adultery in an action for divorce, and by the judgment in that action, and an admission or proof of adultery or a verdict or judgment in any other action will not work a forfeiture. Pitts v. Pitts, 52 N. Y. 593.

Decree dissolving a marriage for cause not regarded as adequate by the laws of this State, rendered in another State by a court having jurisdiction of the subject and the parties, in an action brought by the husband, will not deprive the wife of her then existing dower rights in lands in this State, at least in the absence of evidence that under the laws of the State where it was rendered, it has that effect, and as to whether, even with such evidence, it will have the same effect in this State, quære. Van Cleaf v. Burns, 118 N. Y. 549.

## BY CONTRACT.

Widow held not entitled to dower when during her husband's lifetime, he having been declared a lunatic and a committee of his estate having been appointed, she entered into a contract with the committee and her husband's children and executed to them a deed by which in consideration of the receipt by her of about one-third of her husband's property, she released all interest in his estate, including her inchoate right of dower in specific terms stated, and covenanted to execute proper release in the future. Jones v. Fleming, 104 N. Y. 418.

The rule regarding the enforcement of agreements made between parties, one of whom stands in such a relation to the other as to give him advantage over or great influence upon the other, which holds that same is not enforceable unless it appears that the dominant party acted in the utmost good faith and made full disclosure of the facts, and that the other agreement, held to apply in favor of a wife in regard to an ante-nuptial contract. Graham v. Graham, 143 N. Y. 574.

## BY CONVICTION OF CRIME.

Dower is not barred by conviction of husband of treason or felony. Palmer v. Horton, 1 John. Cas. 27.

## BY DEED.

A wife's inchoate right of dower held to be incapable of being transferred or released by her during coverture, except to one who already had or by the same instrument received an independent interest in the estate, and that she could not bind herself personally by a contract or covenant affecting her dower right, and that therefore she was not estopped by any such covenant from setting up a subsequently acquired title. Marvin v. Smith, 46 N. Y. 571.

Where a wife joins with her husband in a conveyance of his lands which is properly executed by her, is effectual and operative against him, and is not superseded or set aside as against him or his grantee, her inchoate right of dower is thereby forever extinguished for all purposes and as to all persons. Elmendorf v. Lockwood, 57 N. Y. 322.

## BY JUDGMENT.

But wife's dower right is not affected by judgments in actions to which she is not a party. Wilkinson v. Parish, 3 Paige, 653.

Judgment in action wherein wife is made a party, in which facts are alleged as a bar to her right of dower, precludes a subsequent assertion of her rights. Jordan v. Van Epps, 58 How. Pr. 427.

## BY JUDGMENT IN FORECLOSURE.

Where testator's whole estate is devised to his widow for life, with remainders over, such devise is not a provision in lieu of dower, unless such intention be implied from other terms of the will, and the widow may take as doweress her one-third and the residue as devisee, and a claim of dower in premises so devised is not barred by a foreclosure and sale under a mortgage executed by the husband alone during coverture, although the widow was made a party to the foreclosure suit. Lewis v. Smith, 9 N. Y. 502.

Where the wife of a mortgagor has not joined in the mortgage, and has an inchoate right of dower in the mortgaged premises, the making of her a party to an action of foreclosure, without allegation in the complaint that the mortgage is prior, superior or hostile to her interest, does not affect that interest, nor does the general clause in the judgment foreclosing defendants of all right in the premises. Merchants v. Thomson, 55 N. Y. 7.

## BY JUDGMENT IN PARTITION.

A judgment in a partition suit, where wife was made a party and did not appear, and no provision was therein made for her dower, held a bar to an action to recover dower. Jordan v. Van Epps, 85 N. Y. 428.

## BY TESTAMENTARY DEVISE.

Estate for widowhood of wife, where latter is minor, held not sufficient as a jointure to effect a bar of dower. McCartee v. Teller, 2 Paige, 511.

Dower is never excluded by a provision for the wife except by express words or necessary implication, and where there are no express words there must be on the face of the will a demonstration of the intent of the testator that the widow shall not take both dower and the provision. Such demonstration is furnished only where there is a clear incompatibility arising on the face of the will, between a claim of dower and a claim to the benefit of the provision. Konvalinka v. Schlegel, 104 N. Y. 125.