(35 Misc. Rep. 257.)

In re GROTRIAN'S ESTATE.

(Surrogate's Court, New York County. June, 1901.)

1. RIGHT TO DOWER—TESTAMENTARY PROVISIONS.
    Where a testator provided by his will for an application of a certain annual sum for the support of his widow during her life, it does not bar dower.

2. RIGHTS UNDER WILL.
    Where testator provided for payment of an annual sum for the support of his wife for life, and it exceeded the entire income of the personalty and of the real estate after its conversion into money to pay testator's debts, and the widow was incompetent, the balance, after payment of the debts, will be paid to the executrix of the testator for the purpose of producing the income devised to the wife.

3. ATTORNEY'S FEES—CLAIMS AGAINST ESTATE.
    Where a will directs, on the death of the widow, that the estate shall be divided among collateral heirs, the claims of their attorneys for services rendered in the arrangement of the estate will not be considered while the widow is living.

In the matter of the estate of Christian Grotrian. Application of the executrix for a distribution of the proceeds of the estate. The will provided that the executors apply out of the income the sum of $325 every three months for the benefit of testator's wife, to be used for her support, and gave a legacy of $1,000 to testator's nieces,

and provided that on the wife's death the residuary estate should be divided among certain of his nieces and nephews. Decree entered.

Application of the executrix of Christian Grotrian, deceased, for a distribution of the proceeds of the sale of his real estate for the payment of his debts. The second clause of his will provided: "I direct that my executors set apart and apply out of the income of my estate the sum of three hundred and twenty-five dollars every three months for the benefit of my wife, Louise Grotrian, which sum shall be used for the care, support, and maintenance of my said wife, Louise Grotrian, during her life." The will also gave a general legacy of $1,000 to Louise Mundt, his niece. It also directed that after the death of his wife all his residuary estate, including realty, should be sold and divided among certain of his nephews and nieces.

John E. Brodsky, for executrix.

Carter, Hughes & Dwight and Aaron Kahn, for residuary legatees.

Gratz Nathan, for special guardian.

THOMAS, S. I concur in the opinion of Surrogate Varnum, rendered when this matter was before him, that on the face of the will the annuity directed to be paid to the widow does not bar her claim to dower. In re Grotrian's Estate, 30 Misc. Rep. 23, 62 N. Y. Supp. 996. At that time an order was made appointing appraisers. A decree was thereafter made by Surrogate Fitzgerald directing a sale of part of the real estate of the testator, and the present application is for a decree directing as to the disposition of the proceeds of such sale. The widow is an incompetent, and appears by her committee. It is now shown that the amount directed to be paid to the widow exceeds, and has at all times since the death of the testator, in 1892, exceeded, the entire net income of his estate. It is not now necessary to determine whether this payment was an annuity or a trust provision. Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. The committee of the widow asks that an order be made directing him to execute an instrument on her behalf, electing to take from the proceeds of the sale of the property sold a gross sum equivalent to the present value of her right of dower, and that such gross sum be paid to him, leaving the balance, if any, in the hands of the executrix to raise further income for her. Such an order can be made upon proof that it will be for the best interest of the widow (Code Civ. Proc. § 2793), and if her right of dower is legally paramount to the provision for her contained in the will. I must determine both of these questions contrary to the contentions of counsel for the widow's committee. The annuity or trust sum directed to be paid to the widow is in fact, though not so expressed in the will, a gift to her for her life of the entire income of the estate. If it had been so expressed it would have been a legal bar to all claim of dower, as being manifestly inconsistent with dower. In re Zahrt, 94 N. Y. 605. She is to have the entire income, and whether her title thereto is in part because of the will or in part independent of the will it is not now important to determine. If she has the full income, and is to retain it, there is no propriety in giving her a part of the principal in lieu of a part of the income not given up, except as the transaction diminishes the estate from which income is to be obtained. There is also no proof that such a

disposition would be to the interest of the widow. As a matter of discretion, I will not permit the committee to execute the instrument accepting a gross sum out of the estate. I also agree with Surrogate Varnum that the pecuniary legacy to Louise Mundt is not charged upon the real estate, and cannot be protected in this proceeding. In re Grotrian's Estate, supra. The fund, after payment of the amount due to the petitioner and the costs of the proceeding, will be directed to be paid over to the executrix, to be held, invested, and paid out in pursuance of the directions contained in the will of the testator as to the real estate from which said fund was derived. The rights of the other legatees cannot be determined until they become due, which will not be until the death of the widow. For this reason the claims of counsel for such legatees as against their clients cannot be enforced in this proceeding. The balance of the claim of the petitioner, with interest and his taxable costs, and an allowance to the special guardian for the infant parties not exceeding taxable costs, to be hereafter fixed, and the taxable disbursements of all the parties, will be paid out of the fund. The great loss caused by the sale and the necessary costs of this proceeding could have been averted by a small sacrifice on the part of any of the adult parties in interest. Without attempting to apportion the fault, I will refuse any costs, except as above stated, to any of the parties in interest. Settle decree, and tax costs on notice.

Decreed accordingly.